

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASCENSION HEALTH,<br><br>Plaintiff,<br><br>-against-<br><br>AMERICAN INTERNATIONAL GROUP, INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and ACE AMERICAN INSURANCE COMPANY,<br><br>Defendants. | INDEX NO. 08 CIV 7765<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Ascension Health ("Ascension" or "Plaintiff") alleges:

## I.   PARTIES

1. Plaintiff is a non-profit corporation organized and existing under the laws of Missouri.

2. Plaintiff is informed and believes that defendant American International Group, Inc. ("AIG") is a corporation duly organized under the laws of Delaware, with its principal place of business in New York, New York. AIG is and was at all relevant times a corporation engaged in the business of insurance in New York and authorized to transact business in New York.

3. Plaintiff is informed and believes that defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a corporation duly organized and existing under the laws of Pennsylvania, with its principal place of business in New York, New York. Plaintiff is informed and believes that National Union is and was a subsidiary of AIG at all

relevant times. National Union is and was at all relevant times a corporation engaged in the business of insurance in New York and authorized to transact business in New York.

4.  Plaintiff is informed and believes that defendant ACE American Insurance Company ("ACE") is a corporation duly organized under the laws of Pennsylvania. Plaintiff is informed and believes that ACE is and was at all relevant times a corporation engaged in the business of insurance in New York and authorized to transact business in New York.

## II.  JURISDICTION AND VENUE

5.  This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of costs and interest, and is among citizens of different states.

6.  Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 (c) because defendants are subject to personal jurisdiction in this District.

## III.  FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7.  This is an insurance coverage dispute between Ascension and its insurance companies. The defendants are insurance companies that provided primary and/or excess claims-made coverage for "losses," as defined under their policies, to Ascension, a non profit Catholic health care organization sponsored by four Provinces of the Daughters of Charity of St. Vincent de Paul, the Congregation of St. Joseph, and the Congregation of the Sisters of St. Joseph of Carondelet. The insurance coverage dispute stems from attempts to settle two separate class-action lawsuits brought against Ascension. The first lawsuit names Ascension as one of the defendants and is entitled *Fleischman, et al. v. Albany Medical Center, et al.* (formerly entitled *Unger v. Albany Medical Center, et al.*), filed in the U.S. District Court for the Northern District of New York on June 20, 2006, ("New York action" or "New York complaint"). The second action also names Ascension as one of the defendants and is entitled *Pat Cason-Merendo, et al. v. Detroit Medical Center, et al.*, filed in the U.S. District Court for the Eastern District of

Michigan, Southern Division on December 15, 2006 ("Michigan action" or "Michigan complaint"). A copy of the New York and Michigan complaints are attached hereto as Exhibits A and B, respectively. The New York and Michigan actions have not settled or otherwise resolved and are currently pending as of the date of this complaint.

8.  There is a third action, *PC Healthcare Enterprises, Inc. v. Arizona Hospital and Healthcare Association, et al.* filed in the U.S. District Court, District of Arizona on June 14, 2005, which names Carondelet Health Network ("Carondelet"), not Ascension, as one of the defendants. Carondelet is a separate insured under defendants' policies. Carondelet settled and was dismissed from the Arizona action sometime in 2007.

9.  The defendants' policies provided organization coverage to Ascension under director and officer insurance policies on either a primary and/or excess basis for three relevant policy periods subject to applicable retentions as follows:

|  | Nov. 15, 2004 – Nov. 15, 2005 (2004-05 policy period) | Nov. 15, 2005 – Nov. 15, 2006 (2005-06 policy period) | Nov. 15, 2006 – Nov. 15, 2007 (2006-07 policy period) |
|---|---|---|---|
| **Primary Coverage** | NATIONAL UNION (AIG) Policy # 528-65-10 Limits: $25 million ($15 million sublimit for Anti-Trust) SIR: $1 million | NATIONAL UNION (AIG) Policy # 494-76-96 Limits: $25 million ($15 million sublimit for Anti-Trust) SIR: $1 million | ACE Policy # DON G21652829 002 Limits: $15 million SIR: $1 million |
| **First Layer Excess** |  | ACE Policy # DOX G2 1652829 001 Limits: $15 million (Drop Down excess of AIG's $15 million sublimit) | NATIONAL UNION (AIG) Policy # 965-53-81 Limits: $15 million |

10. The AIG/National Union policies of insurance for the 2004-05, 2005-06, 2006-07 policy periods are attached hereto as Exhibits C, D, and E, respectively.

11. The ACE policies of insurance for the 2005-06 and 2006-07 policy periods are attached hereto as Exhibits F and G, respectively.

12. Ascension timely provided defendants notice of the underlying actions in the following policy periods:

| LAWSUIT | POLICY PERIOD IN WHICH ASCENSION 1ST PROVIDED NOTICE OF CLAIM TO AIG/NATIONAL UNION AND ACE |
| --- | --- |
| Arizona Action | 2004-05 policy period |
| New York Action | 2005-06 policy period |
| Michigan Action | 2006-07 policy period |

13. The claims and damages asserted against Plaintiff in the New York and Michigan actions are based upon allegations, facts, events, and circumstances that are within the scope of coverage in the insuring agreements found within defendants' policies.

14. On or about August 8, 2008, AIG/National Union informed Ascension that AIG/National Union had concluded that the New York Action and the Michigan Action were "related," as defined under the AIG/National Union policies, to the Arizona Action, which was filed in the 2004-05 policy period. Therefore, AIG/National Union was allocating any "loss," as defined under the AIG/National Union policies, for the New York and Michigan actions to the 2004-05 policy period.

15. On or about August 19, 2008, ACE denied coverage for the New York and Michigan Actions as a result of AIG/National Union's position that the New York and Michigan

actions are "related" to the Arizona action. And therefore any "loss," as the term is defined under the ACE policies, for the New York and Michigan actions would fall under the 2004-05 policy year, a policy year in which ACE did not provide Ascension coverage.

16.  Pursuant to the terms of all the subject policies, defendants had and continue to have a duty and obligation to indemnify Plaintiff in connection with any "loss," which includes but is not limited to settlements, judgments, and costs associated therein, for the New York and Michigan actions.

17.  Plaintiff has paid to defendants all insurance premiums under the subject policies and has performed all obligations and conditions precedent set forth in the terms and conditions of the policies.

18.  Defendants breached their contracts and their obligations thereunder to Plaintiff by unreasonably denying any coverage related to the New York and Michigan actions and/or by improperly allocating the loss of the New York and Michigan actions to the 2004-05 policy year, thereby preventing Ascension from obtaining policy benefits to which it would otherwise be entitled and inhibiting Ascension's ability to resolve those actions for a reasonable sum, exposing Ascension to potential liability well in excess of both AIG/National Union and ACE's policy limits. Thus, Plaintiff has been damaged in an amount to be proved, but which exceeds the jurisdictional minimum of this Court.

## IV.  FIRST CAUSE OF ACTION

### (Declaratory Relief against AIG, National Union, and ACE)

19.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 as if those allegations were set forth fully herein.

20.  Plaintiff requests a judicial declaration of the parties' respective rights and liabilities under defendants' policies.

21.   An actual dispute and justiciable controversy involving substantial legal rights presently exists between Plaintiff and defendants in that Plaintiff contends that defendants have improperly allocated any "loss" arising out of both the New York and Michigan actions to the 2004-05 policy period on the erroneous belief that the New York and Michigan actions are "related" to the Arizona action.

22.   Plaintiff contends that the New York and Michigan actions are not "related" to the Arizona action. Therefore, any "loss" arising from the New York and Michigan actions should be allocated to either the 2005-06 policy period, the 2006-07 policy period, or to both periods, as the court may determine.

23.   A declaration at this time is necessary to establish the parties' rights and legal relations under the subject policies, which will affect the conduct of Plaintiff and defendants with regard to the New York and Michigan actions.

## V.   SECOND CAUSE OF ACTION

**(Breach of Contract against AIG and National Union)**

24.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 23 as if those allegations were set forth fully herein.

25.   As alleged above, Plaintiff and defendants AIG/National Union entered into insurance contracts that obligated these defendants to provide coverage for "loss" as discussed above, including any settlement payment, judgment, and related costs in the New York and Michigan actions.

26.   These defendants breached the insurance contract by erroneously contending that the New York and Michigan actions "relate" to the Arizona action, thereby improperly allocating any "loss" incurred in those actions to the 2004-05 policy period, which deprives Ascension of the full insurance benefits to which it would otherwise rightfully be entitled.

27. As a result of these defendants' breach of contract, Plaintiff has been damaged in an amount to be proved, but which exceeds the jurisdictional minimum of this Court.

## VI. THIRD CAUSE OF ACTION

### (Breach of Contract against ACE)

28. Plaintiff incorporates by reference the allegations of paragraphs 1 through 27 as if those allegations were set forth fully herein.

29. As alleged above, Plaintiff and this defendant entered into insurance contracts that obligated this defendant to provide coverage for "loss" including any potential settlement payment, judgments, and related costs associated with the New York and Michigan actions.

30. This defendant breached the insurance contract by refusing to indemnify Plaintiff for any "loss" alleged herein and by repudiating any such obligation.

31. As a result of this defendant's breach of contract, Plaintiff has been damaged in an amount to be proved, but which exceeds the jurisdictional minimum of this Court.

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1. For a declaration that the New York and Michigan actions are not "related" to the Arizona action.

2. For a declaration that any "loss" arising out of the New York and Michigan actions be allocated in the 2005-06 policy period, 2006-07 policy period, or both, as this Court may determine.

3. For a declaration that defendants' policies provide coverage for the lawsuits, claims, costs, and settlements more fully described above and/or in an amount to be proved;

4. For damages in an amount to be proved, but which exceeds the jurisdictional minimum of this Court;

5.  And for such other and further relief as the court deems appropriate, including an award of attorneys' fees if authorized by applicable contract or law.

Dated: September 4, 2008    SCHIFF HARDIN LLP

By: _____
Thomas P. Battistoni (TB 8012)
Jeanne Cho (JC 4631)
900 Third Avenue
New York, NY 10022
Tel.: (212) 753-5000
Fax: (212) 753-5044

Attorneys for Plaintiff
ASCENSION HEALTH

SF\9217235.1