

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

ASCENSION HEALTH, CARONDELET
HEALTH NETWORK,

       Plaintiffs,

       -against-

AMERICAN INTERNATIONAL GROUP, INC.,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., and ACE
AMERICAN INSURANCE COMPANY,

       Defendants.

---

08 Civ. 7765 (PGG)

**STIPULATION AND PROTECTIVE
ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF
CONFIDENTIAL INFORMATION**

---

       Whereas, the parties in the above-captioned action seek discovery of documents, information, or other materials that may contain non-public, confidential, competitively sensitive and/or proprietary information and/or are subject to protective orders that have been entered in the following actions: PC Healthcare Enterprises, Inc. v. Arizona Hospital and Healthcare Association, et al. filed in the U.S. District Court, District of Arizona, case number CV 05 1793; Fleischman, et al. v. Albany Medical Center, et al. (formerly entitled Unger v. Albany Medical Center, et al.), filed in the U.S. District Court for the Northern District of New York, case number 1:06-CV-00765; Pat Cason-Merendo, et al. v. Detroit Medical Center, et al., filed in the U.S. District Court for the Eastern District of Michigan, Southern Division, case number 2:06-CV-15601; Jane Doe and Cindy Johnson, on behalf of themselves and all others similarly situated v. Arizona Hospital and Health Care Association, et al., first filed in U.S. District Court, District of Arizona, Case Number 2:07-CV-01292 (consolidated case) (herein referred collectively as "Underlying Actions").

Whereas, the parties wish to ensure that such information shall not be disclosed except as set forth herein;

Whereas, the parties have stipulated and agreed to the terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the preexisting Protective Orders entered in the Underlying Actions and other non-public, confidential, competitively-sensitive, and/or proprietary information may be sought in discovery, good cause exists for entry of this Protective Order to limit the disclosure and use of certain discovered information in the above-captioned action (the "Litigation") as hereinafter provided:

**1.    Scope**

a.    This Order shall govern all documents, materials, and the information contained therein, produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, discovery responses or otherwise, by any party (the "Producing Party") to any other party (the "Receiving Party") when the same is designated using the procedures set forth herein.

b.    Any Producing Party shall have the right to identify and designate as "Confidential" any document or other material it produces or provides, or any testimony given in this proceeding, which it believes in good faith constitutes, reflects or discloses confidential and proprietary information, including: (i) any non-public document produced in the Underlying Actions that were subject to a preexisting protective order in such Underlying Action; (ii) any information that any party believes would compromise and/or jeopardize the Producing Party's competitive business interests or is proprietary in nature; and (iii) other information understood to be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

c.    Any party may designate as Confidential documents or information produced by another party if that material either originated from the designating party or was

2

generated on the designating party's behalf. In which case, the designating party shall be deemed a Producing Party for purposes of this Order.

**2.      Designation of Confidentiality**

Documents or information may be designated "Confidential" in the following ways:

a.      A Producing Party shall, if appropriate, designate specific documents as "Confidential" by marking the first page and each subsequent page of the document containing any Confidential Information with the legend "CONTAINS CONFIDENTIAL INFORMATION" or "CONFIDENTIAL."

b.      A Producing Party shall designate interrogatory answers and responses to requests for admissions as Confidential Information by placing the following legend on each page of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONFIDENTIAL."

c.      In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information by making a statement on the record in the course of the deposition or by letter within 21 calendar days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Confidential Information under this Order until the expiration of the 21-day period for designation. The following legend shall be placed on the front of the original and each copy of the deposition transcript containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONFIDENTIAL." If all or part of a videotaped deposition is designated as "CONFIDENTIAL," the video container shall be labeled with the legend provided for in paragraph 2(a) above. When a deposition transcript contains Confidential Information, the Producing Party shall request the stenographic reporter to separate those portions of the

transcript containing Confidential Information and bind them separately from the non-confidential portions.

**3.      Filing of Confidential Information**

All documents and materials containing Confidential Information that are filed with the Court shall be filed under seal pursuant to the following procedures:

a.      Where possible, only confidential portions of filings with the Court shall be filed under seal. Confidential Information filed under seal shall be placed in sealed envelopes on which it shall be endorsed with the title to this Litigation, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed to any non-Court personnel except by order of the Court."

b.      The envelope shall not be opened without further order of the Court except by persons authorized to have access to such materials pursuant to paragraphs 4, 5, and 6, as applicable, who shall return the information to the Clerk in a sealed envelope. Any envelope containing Confidential Information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. A full and unredacted copy of any such submission shall be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential Information Subject to Protective Order."

c.      Within three (3) business days of filing Confidential Information, pursuant to paragraph 3(a), the submitting party shall file with the Court, for its public file, a copy of the submitted materials with the Confidential Information redacted. Any Confidential Information produced by third parties pursuant to this Order shall also be redacted from this public filing.

d.      If any party objects to identified portions of the materials remaining under seal, it shall state its objections in a faxed or electronically delivered letter to counsel for all

4

parties in this Litigation. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. A revised public filing, if any, of that submission shall be made by the submitting party within six business days after the Court's decision resolving that dispute.

e. In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

f. The Court also retains discretion whether to afford confidential treatment to any materials designated as Confidential Information and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any materials introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

**4.      Use of Confidential Information**

a. Confidential Information shall only be used by any person other than the Producing Party, for use in responding to the request for insurance coverage as alleged in this Litigation, including but not limited to the handling and defense of the Litigation, and shall not be used for any competitive, personal, private, or public purpose, except as provided in 4(b) -(d).

b. Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Receiving Party from providing such Confidential Information to administrative and governmental agencies, regulators, auditors, reinsurers, reinsurance

retrocessionaires, or reinsurance intermediaries to whom any Party or its counsel may be required to respond or report in the ordinary course of its business regarding the subject matter of this action, or where otherwise required by law;

        c.     In addition, any person in possession of Confidential Information who receives a subpoena or other legal process for production of Confidential Information from any non-party to this action shall promptly give notice to counsel for the Producing Party. Other than providing such notice, the person receiving the subpoena or other court process shall be under no further obligation to preserve the confidentiality of such Confidential Information in connection with such subpoena or process, and it shall be the responsibility of the Producing Party to take such further action as it may deem appropriate to protect the confidentiality of the Confidential Information.

        d.     In addition, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents or its own Confidential Information for any purpose. The Producing Party may withdraw or modify any designation.

     **5.**     **Disclosure of Confidential Information**

Access to information designated as "CONFIDENTIAL" pursuant to this Order shall be limited to:

        a.     The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

        b.     Mediators or other individuals engaged or consulted in settlement of this Litigation;

        c.     Outside counsel of record for the parties in this Litigation (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their

paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation;

      d.     Outside photocopying, data processing, or graphic production services employed by the parties or their counsel of record to assist in this Litigation;

      e.     Any individual Expert or Expert Consulting Firm retained by counsel of record in connection with this Litigation to the extent necessary to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that: (i) such disclosure shall be made only to an individual Expert, or to such members, partners, employees or agents of an Expert Consulting Firm as such Expert Consulting Firm shall designate as the persons who will undertake the engagement on behalf of the Expert Consulting Firm (the "Designated Expert Personnel"); (ii) the Individual Expert or Designated Expert Personnel will use the information solely in connection with this Litigation; and (iii) the individual and/or a representative of each Expert Consulting Firm signs the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm;

      f.     Any person who: (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person; (ii) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is entitled to have access in connection with his or her employment; (iii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment;

      g.     A deponent and the deponent's counsel, but only during the course of a deposition and to the extent reasonably necessary in the preparation for such deposition; and

      h.     Parties to the case, including each Party's present or former officers and employees who are assisting counsel in the prosecution or defense of this Litigation.

i.      Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access.

j.      Notwithstanding the foregoing, nothing in this Order shall be interpreted to require a written assurance for production of Confidential Information to administrative and governmental agencies, regulators, auditors, reinsurers, reinsurance retrocessionaire, or reinsurance intermediary.

k.      Nothing in this Order shall limit or otherwise restrict production of such Confidential Information pursuant to subpoena, or legal process, or where otherwise required by law as set forth in section 4(c).

## 6.      Notification of Protective Order

a.      Confidential Information shall not be disclosed, described or otherwise made available to an individual Expert or Expert Consulting Firm described in Paragraph 5(e), unless that expert or firm has executed an Agreement of Confidentiality in the form attached hereto as Exhibit A. The originals of such Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this Litigation and shall be produced to the other party at the time the party produces its expert reports and responds to expert discovery.

b.      Confidential Information shall not be disclosed to persons who are non-parties pursuant to Paragraphs 5(b); 5(e); 5(f)(i), (ii), and (iii); 5(g) and 5(h) unless such persons are first provided with a copy of this Order and the disclosing counsel first advises them that they are bound by the provisions of this Order.

## 7.      Objections to Designations

In the event a party objects to the designation of any material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation, whereupon, the interested parties shall meet and confer in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of that letter,

the party objecting to the confidential designation may ask the Court for an Order removing the designation with respect to the challenged discovery materials. If such a request is made, Requesting Party has the burden of establishing that the designation is improper. If the Producing Party agrees to change the designation, the Producing Party shall send a written notice of the change in designation to all other parties. Any documents or other materials that have been designated "Confidential" shall be treated in the manner designated until such time as the Court rules that they should not be treated as Confidential, or the Producing Party agrees to change the designation.

**8.      Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information as attorney work product or based on privilege, or of any right which any party may have to assert such privilege at any stage of this Litigation.

**9.      Return, Destruction, or Retention of Confidential Materials**

Upon final resolution of this Litigation, a Receiving Party shall return all Confidential Information to counsel for the Producing Party or, destroy all Confidential Information, or retain all such information provided that the Receiving Party shall comply with the provisions of this Protective Order.

**10.     Correction of Designation and Inadvertent Production of Confidential or Privileged Information**

a.      Inadvertent production of Confidential Information shall not be deemed a waiver of any party's right to designate materials under the terms of this Order. If a party discovers that documents or information that qualify as Confidential Information have been

produced without the designations set forth in this Order, that party shall be entitled to make a correction to the document or information's designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. Upon receipt of a notice of correction, the Receiving Party shall place the appropriate marking on the material to reflect its confidential status and certify that the original and all copies of the materials have been appropriately marked. Individuals who reviewed any mis-designated material prior to notice of the mis-designation shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials. In the event the Receiving Party disputes the designation, it may challenge the designation pursuant to the provisions of this Order.

           b.     A party that learns of inadvertently produced documents or other information during discovery in this Litigation which that party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Inadvertent production shall not be deemed a waiver of the privilege. Upon receipt of a written request for return by the inadvertently Producing Party, the Receiving Party shall (a) return the original and all copies of the documents within thirty (30) days of the request, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below. In the event the Receiving Party objects to the return of the document, the Receiving Party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery. All materials related to the inadvertently produced document or information, and motion, shall be treated as Confidential Information pursuant to this Order, unless otherwise ordered by the Court. If such a motion is made within thirty (30) days of receiving the notice from the Producing Party of its claim of inadvertent production, the

Receiving Party may retain the produced document or information until the Court resolves the motion. However, the Receiving Party shall not use the document or information for any purpose other than the motion except upon further order of the Court. If no such motion is made within thirty (30) days, the document or information and all copies shall be returned to the Producing Party and the Receiving Party will not be entitled to retain the document or information in any way. Failure to move within thirty (30) days and/or return the produced document or information shall not be deemed a waiver of such objection nor preclude subsequent motion by the Receiving Party. If the Receiving Party disclosed the document or information before being notified, it must notify the Producing Party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

c.     If Confidential Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Receiving Party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the Producing Party and make every reasonable effort to retrieve that Confidential Information and to prevent further disclosure.

**11.     Limitation on the Scope of this Order**

The restrictions in this Order shall not apply to documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents.

**12.     No Admission**

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

11

**13.     Continuing Force of this Order**

Upon final resolution of this Litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over enforcement of the provisions of this Order following the final resolution of this Litigation.

**14.     Modification of Order**

This Order is binding on all parties to this Litigation and on all other parties who have received Confidential Information pursuant to this Order, and shall remain in full force and effect until modified, superseded, or terminated by further order of the Court.

Nothing in this Order shall prevent a Producing Party from seeking further, greater or lesser protection with respect to the use of any Confidential Information.

The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such order.

IT IS SO STIPULATED:

Dated: June 2, 2009

By: _____
John S. Worden (Admitted pro hac vice)
jworden@schiffhardin.com
Jean H. Hurricane (Admitted pro hac vice)
jhurricane@schiffhardin.com
Nicole S. Magaline (Admitted pro hac vice)
nmagaline@schiffhardin.com
SCHIFF HARDIN, LLP
One Market Street, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Tel: (415) 901-8700
Fax: (415) 901-8701

Thomas P. Battistoni (TB 8012)
Jeanne Cho (JC 4631)
SCHIFF HARDIN LLP
900 Third Avenue
23rd Floor
New York, NY  10022
Tel.:  (212) 753-5000
Fax:  (212) 753-5044

*Attorneys for Plaintiffs*
*ASCENSION HEALTH and CARONDELET*
*HEALTH NETWORK*

13

Dated: ~~June~~ July 2, 2009

_____
Edward Gibbons
egibbons@wwmlawyers.com
WALKER WILCOX MATOUSEK LLP
225 W. Washington Street, Suite 2400
Chicago, IL 60606-3418
Tel: (312) 244-

*Attorneys for ACE American Insurance
Company*

Dated: ~~June~~ July 9, 2009

_____
James W. Weller (JWW 0545)
jweller@nixonpeabody.com
NIXON PEABODY LLP
50 Jericho Quadrangle, Suite 300
Jericho NY 11753
Tel: (516) 832-7500
Fax: (516) 832-7555

*Attorneys for American International Group,
Inc., and National Union Fire Insurance
Company of Pittsburgh, Pa.*

IT IS SO ORDERED:

Dated: ~~June~~ July 10, 2009

_____
HONORABLE JUDGE PAUL G. GARDEPHE

14

## **EXHIBIT A**

I, _____, hereby certify that:

(i) it is my understanding that Discovery Material containing Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in Ascension Health, Carondelet Health Network v. American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, Pa., and ACE American Insurance Company, filed in  U.S. District Court, Southern District of New York, Case number 08 Civ. 7765;

(ii) I have received and read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated:

Signature:

Name:

Address: