UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASCENSION HEALTH and CARONDELET
HEALTH NETWORK,

                Plaintiff,

    -against-

AMERICAN INTERNATIONAL GROUP, INC.,
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA., and ACE AMERICAN
INSURANCE COMPANY,

                Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/09

08 Civ. 7765 (PGG)

ORDER

PAUL G. GARDEPHE, U.S.D.J.:

        On September 4, 2008, Plaintiff Ascension Health ("Ascension") commenced this insurance coverage action, and on March 13, 2009, an amended complaint was filed (the "Amended Complaint") that joined Plaintiff Carondelet Health Network ("Carondelet") as another plaintiff. The Amended Complaint names American International Group, Inc. ("AIG"), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), and ACE American Insurance Company ("ACE") as Defendants. Plaintiffs allege that Defendants are insurance companies that provided Plaintiffs with "primary and/or excess-made coverage for 'losses,' as defined under their policies." (Am. Cmplt. ¶ 8) In this lawsuit, Plaintiffs seek a judicial declaration of the parties' respective rights and liabilities under these insurance policies (Count 1), allege a breach of contract against Defendants AIG and National Union for depriving Ascension of insurance benefits to which it was entitled (Count 2), and allege a breach of contract against Defendant ACE for refusing to indemnify Plaintiffs for "losses" and for repudiating any such obligation (Count 3).

Before this Court is Defendant AIG's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. AIG argues that "National Union, not AIG, issued the insurance contracts in question" and that the claims against AIG should be dismissed because Plaintiffs have "failed to set forth any facts as to why AIG should be a party to this suit or how it could possibly bear any liab[ility] under contracts to which it is not a party." (AIG Br. 3) For the reasons stated below, Defendant AIG's motion is granted.

## DISCUSSION

### I. STANDARD UNDER RULE 12(b)(6)

On a Rule 12(b)(6) motion to dismiss, this Court, "consider[s] the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, --- F.3d ----, No. 07-2283-CV, 2009 WL 1956176, at *4 (2d Cir. July 9, 2009). "In accordance with the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)," this Court must "apply a 'plausibility standard,' which is guided by '[t]wo working principles,' Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, ---- (2009)." Harris, 2009 WL 1956176, at *4.

> First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss" and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Harris, 2009 WL 1956176, at *4 (emphasis in original) (citations omitted).

2

## II.     LEGAL ANALYSIS

Here, the Amended Complaint is devoid of factual allegations demonstrating the direct liability of Defendant AIG, the corporate parent of Defendant National Union. Instead, the Complaint simply lumps AIG with its subsidiary National Union, referring to them as "National Union (AIG)" (Am. Cmplt. ¶ 10) or "AIG/National Union" (id. ¶¶ 11, 15, 16, 19, 26), and implying that they acted collectively. (E.g., Am. Cmplt. ¶ 15 ("On or about August 8, 2008, AIG/National Union informed Plaintiffs that AIG/National Union had concluded that the [three class actions] were 'related,' as defined under the AIG National/Union policies, to the Arizona Action. . . .")) But as Plaintiffs acknowledge, the insurance contracts at issue are "certain not-for-profit Directors & Officers ('D&O') policies issued by defendants National Union, a wholly-owned subsidiary of AIG, and ACE American Insurance Company ('ACE')." (Pltf. Opp. 2)

Given that AIG is not a party to the insurance contracts at issue and is not bound by their terms, and that there are "neither allegations in the complaint nor evidence in the documents submitted in opposition to the motion to dismiss which would support sustaining a cause of action on an alter-ego theory holding AIG, as the parent company of National [Union] . . . liable under the contract[s]," there is no plausible claim for relief against AIG and its motion to dismiss must be granted. W.H. Brownyard Corp. v. American Int'l Group, Inc., 237 A.D.2d 594, 595, 655 N.Y.S.2d 1021, 1022 (2d Dep't 1997) (affirming dismissal of insurance agent's claims against AIG for breach of agency and contingent commission agreements, where National Union was the named counterparty to those contracts). See National Recovery Agency, Inc. v. AIG Tech. Servs., No. 05 Civ. 0033, 2005 U.S. Dist. LEXIS 33913, at **49–50 (M.D. Pa. Aug. 26, 2005) (dismissing claims against AIG where plaintiffs failed to allege facts supporting an agency or alter-ego liability theory connecting parent company AIG to the AIG member companies that had issued the relevant insurance policies).

3

## CONCLUSION

For the foregoing reasons, Defendant AIG's motion to dismiss the Amended Complaint is GRANTED. Plaintiffs are granted leave to file, by **July 30, 2009**, a second amended complaint pleading specific facts, which if true, would demonstrate AIG's direct liability to Plaintiffs.

The Clerk of the Court is directed to terminate Defendant AIG's motion (Docket No. 30).

Dated: New York, New York
July 23, 2009

SO ORDERED.

*[signature]*
Paul G. Gardephe
United States District Judge